FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 14 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**GEORGE REKERS**                                                                 **PLAINTIFF**

VS.                         Case No.: 4-05 CV0000030GTE

AMERICAN CIVIL LIBERTIES UNION, LESLIE
COOPER, JAMES ESSEKS, MATTHEW COLES,
ERIC FERRERO, JOSHUA FREKER, TRAVIS
FOSTER, CYNTHIA GOLEMBESKI, BETH
GEORGE, RITA SKLAR, GRIF STOCKLEY,
ROSIE O'DONNELL, KATHY L. HALL, LEE
THALHEIMER, KURT KNICKREHM, DAVID
IVERS, AND EMILY SNEDDON, DEMIAN,
SWEET CORN PRODUCTIONS, AMERICAN
BROADCASTING CORPORATION, DIANE
SAWYER, DAVID DOSS, GEORGE PAUL,
ROBERT LANGE, JESSICA VELMANS,
KRISTEN STRAND, JON MEYERSOHN, MARK
ROBERTSON, DAVID PEROZZI, AMY ROSENBERG,
SCOTT BRONSTEIN, JENNIFER LEW, KATE
SHEEHEY, CHRISTIANA ROMANO, STEVE
CAIN, VANESSA COCHRAN, ED DELGADO,
FAITH JONES, JACK PYLE, GINA PAMPINELLA,
VICTOR NEUFELD, and JUDITH STACEY                              **DEFENDANTS**

## AMENEDED COMPLAINT

On information and belief, Plaintiff George Rekers alleges that various Defendants, at various times, libeled him, slandered him, invaded his privacy, intentionally inflicted emotional distress and, collectively, participated in an unlawful civil conspiracy. Plaintiff Rekers further alleges that Defendants Kathy L. Hall, Lee Thalheimer, and Kurt Knickrehm retaliated against him in violation of 42 U.S.C. § 1983.

### Jurisdiction And Venue

1.      This Court has jurisdiction of this action under 28 U.S.C. § 1332 insofar as

the parties are diverse and the amount in controversy is greater than $75,000.00.

2.      This Court has jurisdiction over Defendants Hall, Thalheimer, and Knickrehm under 42 U.S.C δ 1983.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b), because the Defendants are residents of, are found within, and have agents within, or transact their affairs in this District and because the unlawful activities of the Defendants giving rise to this action occurred in this District.

## The Parties

4.      Plaintiff Rekers is a professor of psychiatry at the University of South Carolina in Columbia, South Carolina. Plaintiff Rekers testified as an expert witness for the State of Florida in the case styled *Lofton v. Butterworth* in the United States District Court for the Southern District of Florida (1999). Plaintiff Rekers testified regarding the harmful effects of allowing homosexuals to adopt children. Plaintiff Rekers further testified as an expert witness for the State of Arkansas in the case styled *Howard v. Child Welfare Agency Review Board* in the Circuit Court of Pulaski County, Arkansas (2004). Plaintiff Rekers testified regarding the harmful effects of allowing homosexuals to serve as foster parents.

5.      Defendant American Civil Liberties Union ("ACLU") is a non-profit organization headquartered in New York, New York.

6.      Defendants Leslie Cooper, James Esseks, and Matthew Coles are attorneys employed by the ACLU and assisted in the production of *Too High A Price: The Case Against Restricting Gay Parenting*, a publication of the ACLU.

7.      Defendants Eric Ferrero, Joshua Freker and Travis Foster wrote *Too High*

*A Price: The Case Against Restricting Gay Parenting* for the ACLU.

8. Defendants Cynthia Golembeski and Beth George assisted in writing *Too High A Price: The Case Against Restricting Gay Parenting* for the ACLU.

9. Defendant Rita Sklar is executive director of the Arkansas chapter of the ACLU.

10. Defendant Grif Stockley is an attorney employed by the Arkansas chapter of the ACLU.

11. Defendant Rosie O'Donnell is an actress and entertainer. Ms. O'Donnell wrote the introduction to *Too High A Price: The Case Against Restricting Gay Parenting* for the ACLU.

12. Defendant Kathy L. Hall is an attorney practicing in Little Rock, Arkansas. Ms. Hall previously has represented the ACLU in litigation in Arkansas.

13. Defendant Lee Thalheimer is the chief counsel for the Arkansas Department of Human Services. Defendant Kurt Knickrehm is the director of the Arkansas Department of Human Services.

14. Defendants Donald Ivers and Emily Sneddon are attorneys practicing in Little Rock, Arkansas. Mr. Ivers and Ms. Sneddon currently represent the ACLU in litigation in Arkansas.

15. Defendant "Demian" is a resident of Seattle, Washington, is the owner of Defendant Sweet Corn Productions, and is the owner of the Internet site

http://www.buddybuddy.com. Defendants Demian and Sweet Corn Productions disseminated *Too High A Price: The Case Against Restricting Gay Parenting* through the aforementioned website.

16.     Defendant American Broadcasting Corporation ("ABC") is a television broadcasting company headquartered in New York, New York.

17.     Defendants Diane Sawyer, David Doss, George Paul, Robert Lange, Jessica Velmans, Kristen Strand, Jon Meyersohn, Mark Robertson, David Perozzi, Amy Rosenberg, Scott Bronstein, Jennifer Lew, Kate Sheehey, Christiana Romano, Steve Cain, Vanessa Cochran, Ed Delgado, Faith Jones, Jack Pyle, Gina Pampinella, and Victor Neufeld are employees of ABC and jointly produced "Rosie and Gay Adoption," a special edition of ABC's *Primetime Live* entertainment show that was broadcast on March 14, 2002.

18.     Defendant Judith Stacey is a professor of sociology at New York University and a purported expert on parenting by homosexuals. Dr. Stacey was quoted extensively in *Too High A Price: The Case Against Restricting Gay Parenting*. Dr. Stacey also appeared in "Rosie and Gay Adoption."

### Factual Allegations

19.     In *Lofton v. Butterworth*, the ACLU Lesbian and Gay Rights Project identified Plaintiff Rekers as a threat to its national litigation strategy regarding adoption of children by homosexuals. Shortly thereafter, Defendant ACLU initiated a defamation campaign designed to destroy Plaintiff Rekers's professional reputation and credibility.

On information and belief, Plaintiff Rekers alleges that Dr. Stacey consulted with Defendant ACLU on its gay-rights litigation strategy, including its strategy of defaming Plaintiff Rekers. Other named Defendants participated in the defamation campaign at various times thereafter.

20. In early 2002, the ACLU and Defendants Cooper, Esseks, Coles, Ferrero, Freker, Foster, Golembeski, and George (collectively "ACLU Defendants") as well as Defendants O'Donnell and Stacey published false and defamatory statements concerning Plaintiff Rekers in *Too High A Price: The Case Against Restricting Gay Parenting* and portrayed him in a false light. In that publication, the aforementioned Defendants wrote, for example, that Plaintiff Rekers's work had not been published in peer-reviewed journals and that Plaintiff Rekers had no expertise in child psychology. Those statements were false and were made with actual malice.

21. On March 14, 2002, Defendant ABC broadcasted "Rosie and Gay Adoption," an episode that promoted adoption by homosexuals. The episode centered largely on interviews with Defendant O'Donnell, but it included interviews with Defendant Stacey. Defendant Stacey stated that Plaintiff Rekers had used aversion therapy on children. This statement was false and was made with actual malice. Defendant Stacey further implied that, because Plaintiff Rekers was not a member of the American Psychological Association ("APA"), his professional credentials were suspect. Defendant Stacey knew, however, that APA is not a credentialing organization and that the APA itself does not consider non-membership to be an indication of professional competence or incompetence.

22.     In June of 2004, Plaintiff was hired by the State of Arkansas as an expert witness in the case of *Howard v. Child Welfare Agency Review Board*. Defendant Hall ostensibly represented the Child Welfare Agency Review Board ("CWARB") against the ACLU. However, Defendant Hall was actually a member of the ACLU and a volunteer attorney for the ACLU's Lesbian and Gay Rights Project. In the previous year, Defendant Hall had served as co-counsel with ACLU Defendants Cooper, Esseks and Coles in a lawsuit against an Arkansas school district for alleged discrimination against a homosexual student. Defendant Hall did not disclose this conflict of interest to her client, much less seek a waiver, and she did not disclose her conflict of interest to Judge Tim Fox, the trial judge in *Howard*. Likewise, Defendants Cooper, Esseks, and Coles failed to notify Judge Fox that Defendant Hall had previously served as co-counsel with them on behalf of the ACLU.

23.     Unbeknownst to Plaintiff Rekers, Defendant Hall was colluding with Defendants Cooper, Esseks, Coles, Ivers, Sneddon, Sklar, and Stockley (collectively "Arkansas ACLU Defendants") to assist the ACLU by sabotaging her client's case. At one point, Defendant Hall laughed in Plaintiff Rekers's presence when recounting Judge Fox's surprise that she had filed motions restricting the evidence that *she* could submit on the state's behalf, e.g. evidence that homosexuals have higher rates of mental disorders. Defendant Hall later said she sought to have the evidence excluded because the CWARB did not want to be embarrassed by such politically controversial evidence. In fact, however, Defendant Hall never consulted with the CWARB about her decision to exclude the evidence.

24.     In addition to her scheme to sabotage her client's case, Defendant Hall

assisted the other ACLU Defendants with their efforts to destroy the reputation of Plaintiff Rekers. At trial, Defendant Hall handed all of Plaintiff Rekers's written reports to the ACLU attorneys, but she failed to introduce most of them into evidence. The ACLU attorneys then attacked the positions set forth in Plaintiff Rekers's written reports, but Defendant Hall did not allow her own witness, i.e. Plaintiff Rekers, to respond to the attacks. Defendant Hall effectively gutted the scientific basis for Plaintiff Rekers's testimony, then stood by passively while the ACLU attorneys portrayed him as a religiously-motivated zealot.

24.  As a result of Defendant Hall's sabotage, Plaintiff Rekers was made to appear professionally incompetent.

25.  After learning of Defendant Hall's conflict of interest and her efforts to sabotage her client's case, Plaintiff Rekers publicly complained about her misconduct. Thereafter, Defendants Hall, Thalheimer, and Knickrehm retaliated by blocking payment of Plaintiff Rekers's expert witness fees.

### Claims

### Count One: Libel

26.  Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.  The Defendants identified in Paragraphs 5, 6, 7, 8, 11, 15, and 18 committed the common-law tort of libel.

### Count Two: Slander

28. Plaintiff repeats and realleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. The Defendants identified in Paragraphs 16, 17, and 18 committed the common-law tort of slander.

### Count Three: False Light Invasion of Privacy

30. Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. The Defendants identified in Paragraphs 5, 6, 7, 8, 11, 15, 16, 17, and 18 committed the common-law tort of invading Plaintiff Rekers's privacy by portraying him in a false light.

### Count Four: Intentional Infliction of Emotional Distress

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. All Defendants named herein intentionally inflicted emotional distress on Plaintiff Rekers.

### Count Five: Retaliation

34. Plaintiff repeats and realleges paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Defendants Hall, Thalheimer, and Knickrehm, acting under color of law,

retaliated against Plaintiff Rekers for exercising his First Amendment rights and thereby violated 42 U.S.C. § 1983.

### Count Six: Civil Conspiracy

36. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. All Defendants named herein engaged in an unlawful civil conspiracy.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

I. Grant Plaintiff final judgment against Defendants for damages in such amount as the Court shall determine plaintiff has suffered from the unlawful activities complained of to the date of final hearing.

II. Grant attorneys fees and costs.

III. Granting such other, further or different relief as to which the Plaintiff may be entitled.

PLAINTIFF REQUESTS A JURY TRIAL.

Respectfully submitted,
GEORGE REKERS
Plaintiff

By: _____
JOSEPH C. SELF
Attorney at Law
Arkansas Bar No. 82145
P.O. Box 180158
Fort Smith, AR 72918
(479) 649-0050